UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 07-61875-CIV-ZLOCH/SNOW

ALAN HIRSCHENSON,

    Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE COMPANY,

    Defendant.

_____/

## PLAINTIFF'S MOTION IN LIMINE AND/OR TO STRIKE DEFENDANT'S WITNESSES AND MEMORANDUM OF LAW

**COMES NOW** the Plaintiff, ALAN HIRSCHENSON, ("Hirschenson") by and through the undersigned counsel hereby files this Motion in Limine and/or to Strike Defendant's witnesses and states:

1. The Defendant should be precluded from calling three (3) doctors listed on its witness list who are clearly expert witnesses because they have failed to comply with the Court' order concerning expert disclosures, as well as the provisions for expert disclosure in the Rules of Civil Procedure and Local Rules of the Southern District of Florida, and because these actions will prejudice the Plaintiff.

2. The Defendant has designated three (3) doctors, James R. Boone, PhD (#97); Clayton J. Hauser, MD (#98) and Wiley Mittenburg, PhD (#103) as witnesses on its witness list filed July 3, 2008. MetLife has deceptively failed to identify the doctors

as experts at any point and time in this matter, including in Rule 26 disclosures or in its witness list, including Local Rule 16.1.

3. The Defendant has failed to file expert reports or otherwise identify these witnesses opinions or to provide any other information concerning the experts as required by the Rules of Civil Procedure or the Local Rules.

4. The Court ordered the deadline for providing reports and/or summaries to be Friday, July 3, 2008. The additional information, including lists of other testimony and resumes, were also to have been provided and were not.

5. Doctors Boone and Hauser have never seen Mr. Hirschenson. They apparently work for the Defendant in the role of medical consultants whose current job is to review medical records and offer expert opinions covering them.

6. Dr. Mittenburg is a psychologist who MetLife hired to conduct an exam on Mr. Hirschenson four (4) years ago, well before this lawsuit. The Defendant obviously retained and consider him to be its expert by virtue of the fact that it instructed him not to provide his records to the Plaintiff (see attached).

7. Neither Dr. Mittenburg nor the Defendant has ever provided his records to the Plaintiff, his compensation, listing of other testimony, nor any current report or summary during this litigation[1].

8. It takes the undersigned, as with most competent attorneys, a large degree

---

[1] The Defendant did have a copy of a report from Dr. Mittenburg from 2004 buried in its two-banker-box-sized claims file, which the Plaintiff did not locate until Thursday of last week. The report does not contain a list of this witness's litigation, his compensation, his resume, and nor does it otherwise conform to the Rules' requirements.

of work to prepare for medical expert testimony. Traditionally, the undersigned searches for old testimony reviews it, and speaks with lawyers who have examined and/or hired the expert. Additionally, the undersigned reviews articles the expert has written to locate inconsistencies in opinions. The Plaintiff would obviously be prejudiced by not being able to properly prepare to depose the witnesses (even if discovery were not closed) much less to question them at trial.

9. The Plaintiff's position as to Defendant's experts is identical to the Defendant's position taken as to the Plaintiff's expert (see Defendant's Motion in Limine). Thus, the Defendant agrees that an order should be entered in excluding its experts for failure to provide reports and other materials required by the Rules.

**WHEREFORE**, Plaintiff, ALAN HIRSCHENSON, respectfully requests this Honorable Court to enter an Order granting Plaintiff's motion.

Respectfully submitted,

**JOHN B. OSTROW, PA**

By: /s/ Stephen A. Ostrow
STEPHEN A. OSTROW
Florida Bar Number: 182338
JOHN B. OSTROW
Florida Bar Number: 124324

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of

*Hirschenson v. Metropolitan Life, et al.*
Case No.: 07-61875-CIV-ZLOCH/SNOW
Page 4 of 5

electronic filing to all counsel on the attached service list this 14th day of July, 2008.

        **JOHN B. OSTROW, P.A.**
        Counsel for Plaintiff
        Courthouse Tower, Suite 1250
        44 West Flagler Street
        Miami, Florida 33130
        Telephone:  (305) 358-1496
        Facsimile:   (305) 371-7999

By:   /s/ Stephen A. Ostrow
        STEPHEN A. OSTROW
        Florida Bar Number:  182338
        JOHN B. OSTROW
        Florida Bar Number:  124324

*Hirschenson v. Metropolitan Life, et al.*
Case No.: 07-61875-CIV-ZLOCH/SNOW
Page 5 of 5

## SERVICE LIST

*Counsel for Defendant*
John E. Meagher, Esq.
Jeffrey M. Landau, Esq.
**SHUTTS & BOWEN LLP**
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
   305-358-6300 – TEL
   305-381-9982 – FAX

Memorandum to IDI Claim File on __Hirschenson, Alan__

By: __MRHelms__        Date: __7.6.04__        Time: _____

Rcvd vm on 7/2/04 @ 3:28pm from Dr. Mitkenberg who advised Insured contacted his office requesting a copy of the IME report. He would like me to call him & direct him accordingly @ 954-262-5735

MRHelms

7.6.04    4:10pm

R/C to Dr. Mitkenberg. Left message on vm that IME is not to be released to the Insured & if he calls him to please direct him to me. I provided my name & number & lxt for a return call.

MRHelms