UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-61875-CIV-ZLOCH/SNOW

ALAN HIRSCHENSON,

        Plaintiff,

vs.

METROPOLITAN LIFE
INSURANCE COMPANY,

        Defendant.
_____/

**DEFENDANT METLIFE'S MEMORANDUM IN OPPOSITION
TO HIRSCHENSON'S MOTION IN LIMINE AND/OR TO STRIKE**

Defendant, Metropolitan Life Insurance Company ("MetLife"), by and through undersigned counsel, hereby files its memorandum in opposition to Plaintiff Alan Hirschenson's ("Hirschenson") motion to strike three of MetLife's potential witnesses at trial. As set forth herein, the motion should be denied.

Hirschenson seeks to exclude testimony from three witnesses listed by MetLife in its initial disclosures and again in its witness list filed on July 3, 2008. These witnesses are James Boone, Ph.D., Clayton Hauser, M.D., and Wiley Mittenberg, Ph.D. Drs. Boone and Hauser are employees and/or consultants for MetLife who reviewed certain medical records for MetLife during the investigation of Hirschenson's claim. Dr. Mittenberg is a clinical neuropsychologist who performed an independent medical examination of Hirschenson in June, 2004. He is not an employee of MetLife. All written materials and/or reports prepared by Drs. Boone, Hauser, and Mittenberg have previously been produced to Hirschenson as part of MetLife's initial disclosure. Moreover, even before this litigation, MetLife provided all of the materials to Hirschenson in

February, 2007, when he subpoenaed MetLife's entire claim file in his 2006 bankruptcy case. Indeed, Hirschenson's counsel even concedes that he had the materials in his possession; he apparently just did not bother to look at them until last week.[1]  *See* Hirschenson Motion, at 2, n.1.  Nonetheless, Hirschenson seeks to exclude the witnesses, stating that MetLife "deceptively" failed to identify them as experts.

The problem with Hirschenson's argument, which essentially is a "straw man" argument, is that neither Dr. Boone, nor Dr. Hauser, nor Dr. Mittenberg were outside experts "retained" by MetLife for trial testimony.  Rather, they are listed as witnesses related to MetLife's investigation and evaluation of the claim.  Dr. Mittenberg's independent medical examination of Hirschenson was done four years ago, more than three years prior to Hirschenson filing this lawsuit.  He plainly was not retained to give expert testimony at trial.  Thus, these are not witnesses retained as experts who are subject to the expert disclosure requirements of Rule 26.

At most, these witnesses are what some courts have called hybrid fact/expert witnesses, that is, a witness who is testifying as a fact witness, although he may also express some expert opinions because of his qualifications.  Given Dr. Hauser's and Dr. Boone's involvement in the claim process well prior to the commencement of this litigation, they are "viewers" and/or "actors" with regard to the question of whether Hirschenson is totally disabled within the terms of the policy.  Accordingly, MetLife was not required to disclose them as experts pursuant to Rule 26, or to provide a separate expert reports.  *See*, *e.g.*, <u>Patel v. Gayes</u>, 984 F.2d 214, 217 (7th

---

[1] Hirschenson's statement at ¶ 6 of his motion (referencing a telephone note dated July 6, 2004) that MetLife refused to provide him with a copy of the IME report in 2004 is misleading, at best.  IME reports are not provided directly to insureds; they can, however, be sent to the insured's treating physician or counsel.  In that regard, after receiving a request from counsel, a copy of Dr. Mittenberg's IME report was sent to his counsel by letter dated July 22, 2004.

Cir. 1993) (an expert need not be disclosed if he was a "viewer or actor with regard to the disputed question"); Harms v. Laboratory Corp. of America, 155 F. Supp. 2d 891, 903 (N.D. Ill. 2001) (same).

Even if the court were to deem these witnesses retained "experts," they should not be excluded. The exclusion of a witness at trial, particularly an "expert" witness, is a drastic sanction which is warranted only if a party's violation of Fed. R. Civ. P. 26 is flagrant and the opposing party is prejudiced thereby. McNerney v. Archer Daniels Midland Co., 164 F.R.D. 584, 587 (W.D.N.Y. 1995) ("[p]recluding testimony from the expert under this rule is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules") (emphasis added); Bucher v. Gainey Transp. Serv. of Indiana, Inc., 167 F.R.D. 387, 390 (M.D. Pa. 1996) (same); Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (same). *See also* KW Plastics v. United States Can Co., 199 F.R.D. 687, 690 (M.D. Ala. 2000) (exclusion of a party's expert witness is unwarranted if the party's violation of Fed. R. Civ. P. 26(a)(2) is justified or harmless); Fitz, Inc. v. Ralph Wilson Plastics Co., 184 F.R.D. 532, 536 (D. N.J. 1999) (exclusion of expert testimony as sanction for failure to comply with expert disclosures requires prejudice to the opposing party).

No such showing has been made here by Hirschenson. He has long had all written materials prepared by these witnesses. He has made no attempt to depose any of them. There are no grounds for striking these witnesses and Hirschenson's motion should be denied.

**CONCLUSION**

For the foregoing reasons, Defendant, Metropolitan Life Insurance Company, respectfully requests that the Court deny Hirschenson's Motion, and grant MetLife such other and further relief as the Court deems necessary and appropriate.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for MetLife
1500 Miami Center
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982

By:   s/ Jeffrey M. Landau
    John E. Meagher
    Florida Bar No. 511099
    jmeagher@shutts-law.com
    Jeffrey M. Landau
    Florida Bar No. 863777
    jlandau@shutts-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on ___July 22, 2008___, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**SHUTTS & BOWEN LLP**

_s/Jeffrey M. Landau_
Jeffrey M. Landau
Florida Bar No. 863777
jlandau@shutts-law.com
1500 Miami Center
201 S. Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6300
Facsimile: (305) 381-9982
Attorneys for MetLife

## SERVICE LIST

**Hirschenson v. MetLife**
**CASE NO. 07-61875-CIV-ZLOCH/SNOW**
**United States District Court, Southern District of Florida**

John B. Ostrow, Esq.
Steven A. Ostrow, Esq.
John B. Ostrow, P.A.
44 West Flagler Street
Suite 1250
Miami, FL 33130
*Service by CM/ECF*

MIADOCS 2909112 1