```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                    CASE NO. 07-61875-CIV-ZLOCH
```

ALAN HIRSCHENSON,

      Plaintiff,

vs.                                              **OMNIBUS ORDER**

METROPOLITAN LIFE INSURANCE
COMPANY,

      Defendant.
_____/

THIS MATTER is before the Court upon Defendant Metropolitan Life Insurance Company's Motion For Summary Judgment (DE 46), Plaintiff Alan Hirschenson's Motion To Strike (DE 75), and Defendant Metropolitan Life Insurance Company's Notice Of Voluntary Dismissal (DE 78). The Court has carefully reviewed said Motions, Notice, and the entire court file and is otherwise fully advised in the premises.

Plaintiff Alan Hirschenson initiated the above-styled cause with the filing of his Complaint (DE 1, Ex. A) alleging breach of contract and intentional infliction of emotional distress, both under Florida law. Specifically, Plaintiff claims that Defendant breached the contract of insurance it has with Plaintiff and, in so doing, intentionally caused him severe emotional distress. In the instant Motion (DE 46), Defendant argues that most of Plaintiff's claims are barred by a General Release executed by the Parties, that it did not otherwise breach the contract, and that Plaintiff's tort claim fails on numerous grounds. For the reasons expressed

more fully below, the Court finds that Plaintiff has demonstrated that genuine issues of material fact surround two aspects of his breach of contract claim in Count I.  In all other respects, Plaintiff has failed to show any genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.  Therefore, the Court shall enter partial summary judgment for Defendant.

### I. Background

Plaintiff is insured under an individual disability insurance policy (hereinafter "the policy") issued by Defendant.[1]  The policy provides for a monthly benefit payment in the event of Plaintiff's total disability.  It also provides two mechanisms for increasing the monthly benefit.  The first is a cost of living increase.  The yearly cost of living adjustment is 4% of the original monthly benefit, rounded up to the nearest $10.00.  This figure is added each year to increase the monthly benefit to a new adjusted monthly benefit. DE 54, Ex. D.  The second increase in monthly benefits is the Automatic Increase In Monthly Benefit found in the policy.  DE 54, Ex. E.  Under the Automatic Increase, on each of the first five policy anniversaries, an amount equal to 5% of the monthly benefit for total disability was to be added to the monthly benefit.  This amount was likewise rounded up to the nearest $10.00.

---

[1] Unless otherwise stated, these facts are taken from Defendant's Statement Of Material Facts, DE 46, pp. 3-11, and are supported by the record.

In June of 2003, Plaintiff submitted a claim form claiming that he was totally disabled since December 6, 2002.[2] Defendant thereafter began making benefit payments to Plaintiff. In 2004 and 2005, a dispute arose regarding the payments being made to Plaintiff. Plaintiff threatened litigation, but the Parties settled the matter. A document entitled "General Release" was executed by Plaintiff on May 3, 2005, and purports to waive any and all claims Plaintiff may have had against Defendant prior to that date in exchange for a payment of $121,000.00. See DE 46, Ex. B. The operative language states that Plaintiff releases Defendant from any and all claims he may have had related to the policy at issue. Id. ¶ 1. It is Plaintiff's signature, made by his own hand, that appears on the General Release. DE 71, Ex. 1.

In July of 2006, a Judge in the Circuit Court in and for Broward County, Florida entered an Income Deduction Order requiring $3,853.00 per month of Plaintiff's income, including disability insurance payments, to be deducted and paid to Plaintiff's former wife. See DE 46, Ex. J. Thus, the adjusted monthly benefit would now paid in two checks. One, for $3,853.00, was paid to the State of Florida Disbursement Unit, for forwarding to Plaintiff's former wife. A second check for the balance of the adjusted monthly benefit was sent directly to Plaintiff. See DE 46, Ex. J; DE 46,

---

[2] In the instant Motion For Summary Judgment (DE 46) and related filings, no Party disputes that Plaintiff has been at all material times entitled to monthly disability payments.

Ex. I, pp. 33-75.

Plaintiff's Complaint (DE 1, Ex. A) states two Counts.  Count I seeks damages for Defendant's breach of the Parties' contract reflected in the policy.  It alleges numerous actions said to be breaches by Defendant.  Count II seeks damages for Defendant's intentional infliction of emotional distress.  Plaintiff originally filed this action in Florida state court, and Defendant removed the action to this Court on the basis of its diversity jurisdiction. Florida law controls.

## II. Standard of Review

Under Federal Rule of Civil Procedure 56, summary judgment is appropriate

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see also Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted).  Indeed,

> the moving party bears the initial burden to show the

>  district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof.  Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987).  Further, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. Summary Judgment Analysis

Plaintiff's Complaint (DE 1, Ex. A) states two claims.  First, Defendant breached the Parties' contract.  Second, Defendant intentionally inflicted emotional distress on Plaintiff. Defendant's instant Motion For Summary Judgment (DE 46) addresses both.  Defendant first argues on legal grounds that the General Release operates to waive the claims found in both Counts I and II. Second, Defendant argues on factual grounds why it is not liable to Plaintiff for any damages on either Count.

A. <u>The General Release</u>

Plaintiff waived any and all claims he may have had prior to May 3, 2005, through the General Release. DE 46, Ex. B. The General Release clearly recites consideration, the receipt and sufficiency of which is acknowledged, made in exchange for Plaintiff's waiver of all claims against Defendant. <u>See id.</u> There was some question raised by Plaintiff as to whether the signature on the General Release was actually his. Though he has never denied it was his signature, he simply argues that Defendant has not shown that it is Plaintiff's signature. DE 54, ¶ 1. However, with its Reply (DE 71), Defendant filed the Affidavit of Debra A. Hopper, the person who notarized Plaintiff's signature on the General Release at the time of its execution. In her affidavit she states that Plaintiff signed the General Release in her presence and that her signature appears on the same as the notary. DE 71, Ex. 1, ¶¶ 5, 7. Thus, it has been established and remains undisputed that Plaintiff executed the General Release.

The General Release clearly operates to waive all claims Plaintiff has against Defendant. By its terms, the waiver includes claims for breach of contract and intentional infliction of emotional distress. DE 46, Ex. B, ¶ 2. Thus, there is no genuine issue of material fact as to whether, by executing the General Release, Plaintiff waived all claims based on facts existing prior to May 3, 2005, including those in Counts I and II. Accordingly,

Defendant is entitled to judgment as a matter of law as to Counts I and II for any portion arising before that date.[3]

### B. Breach of Contract

Count I of Plaintiff's Complaint alleges breach of contract on the part of Defendant.[4]  While the notice pleading in the Complaint gives little direction on what exactly is being claimed, the briefs and discovery have fleshed out this issue.  There has been argument and discovery touching on possible breaches of the policy prior to May 3, 2005.  As stated above, those claims are barred by the General Release.  Thus, the only actionable conduct is that occurring after May 3, 2005.

In his Response (DE 54) to the instant Motion (DE 46), Plaintiff claims that the monthly payments made since April of 2005 have been below the required amount.  DE 54, pp. 8-14.  He attributes these failures to Defendant's failure in 2003 and 2004 to properly calculate the annual cost of living increase built into the policy.  See id. at 10.  The claim operates thus: the original

---

[3] Plaintiff does not argue whether the General Release, if properly executed, actually waives all claims existing before May 3, 2005.  He only argues, unsuccessfully, that there is a genuine issue of material fact whether the Release was executed by him.

[4] Count I is a claim for breach of the terms of the Parties' contract.  It is not, because it cannot be under Florida law, a claim for breach of the duty of good faith.  State Farm Mut. Auto Ins. Co. v. O'Hearn, 975 So. 2d 633, 635-36 (Fla. Dist. Ct. App. Mar. 7, 2008) (recognizing that a "bad faith claim does not accrue until there has been a final determination of both liability and damages in an underlying coverage claim"), citing Vest v. Travelers Ins. Co., 753 So. 2d 1270, 1276 (Fla. 2000).

7

monthly benefit contracted for was $15,840.00. On the first anniversary of the initial disability date, $640.00 was added to the monthly benefit to arrive at the adjusted monthly benefit. On each anniversary of the initial disability date, an additional $640.00 is added to the adjusted monthly benefit. Plaintiff argues that a failure to properly calculate one or more of these annual cost of living adjustments caused the low monthly payments to be made after May 3, 2005. He does not argue that Defendant failed to properly add $640.00 to the existing payment on any anniversary date after May 3, 2005. DE 54, pp. 7-10.

Plaintiff's claim of low monthly payments must fail. The effect of Plaintiff's execution of the General Release was to waive all claims he may have then had against Defendant. Improperly calculating the cost of living increase and adjusted monthly benefit, that is, breaching the contract, was one such claim he would have waived. Under the policy, the annual cost of living increases are only made on the anniversary of the initial disability date: "The cost-of-living adjustment will be equal to 4% of the monthly benefit for total disability. This amount, rounded upward to the nearest multiple of $10, will be added to the monthly (or adjusted monthly) benefit for total disability <u>on each review date</u>." DE 54, Ex. D (emphasis added).[5] Any failure before May 3,

---

[5] The policy defined "Review date" as "each anniversary date of the start of a period of continuous disability." DE 54, Ex. D. The Parties agree this is December 6 of each year.

2005, by Defendant to properly calculate the adjusted monthly benefit is waived by operation of the General Release. Thus, even if Defendant improperly calculated the adjusted monthly benefit on December 6, 2004, and carried this improper number forward into each subsequent year's calculation, the original failure to calculate arose before May 3, 2005, and cannot be raised by this action. Thus, his claim for low monthly payments fails.

Plaintiff also claims that Defendant failed to provide the Automatic Increase In Monthly Benefits that he elected in the policy. DE 54, Ex. E. This automatic increase would add 5% of the monthly benefit on each of the first five anniversary dates of the policy. Id. Because the policy was issued in November of 2000, any failure with respect to the first four of these increases is barred by operation fo the General Release. Only the fifth anniversary, falling in November of 2005, is still at issue.

Defendant argues in its Reply (DE 71) that Plaintiff first raised this theory of liability in his Response (DE 54) to the instant Motion (DE 46). Defendant's Reply states that Plaintiff failed to reveal this damages calculation in response to discovery requests or in his initial damages calculations. DE 71, p. 7. If true, Plaintiff would be prohibited from introducing evidence to this effect at trial. Jones v. E.R. Snell Contractor, Inc., 333 F. Supp. 2d 1344, 1349 (N.D. Ga. 2004) (excluding evidence of new theory of liability not disclosed in discovery), aff'd 120 Fed.

9

Appx. 786 (11th Cir. 2004) (Table).  However, Defendant has not provided the Court with Plaintiff's discovery disclosures and has offered no evidence to establish that this is in fact the first time Plaintiff raised the issue of the Automatic Increase. Moreover, Defendant's table of payments made to Plaintiff indicates that no increase was made for the November 2005 payment.  See DE 46, Ex. I, p. 3.  Thus, Defendant has failed to establish that no genuine issue of material fact remains and that it is entitled to judgment as a matter of law on the issue of the Automatic Increase for November of 2005.

   Plaintiff's third ground for relief is that Defendant failed to make a full payment in December of 2007.  At his deposition, in response to a question of his claimed damages, Plaintiff indicated that Defendant "shorted" him $600.00 in his December 2007 benefit check.  Deposition of Alan Hirschenson, DE 45, Ex. A, pp. 150-53. Because resolution of the November 2005 Automatic Increase will necessarily affect the payment due for December 2007, this question is likewise surrounded by genuine issues of material fact.  Thus, the Court will deny Defendant's Motion on this point.

   Plaintiff's final argument on his breach of contract claim is that Defendant failed to make its payments to him on time.  DE 54, pp. 5-6.  He argues that the monthly benefit payments were due on the 20th of each month.  However, he has failed to offer any evidence of such a requirement in the policy.  It is undisputed

that the dates on which the monthly benefit checks were issued by Defendant and received by Plaintiff varied each month.  See Affidavit of Monique Rivera-Helms, DE 46, Ex. I, pp. 3-5.  However, Plaintiff has failed to establish by evidence that the policy required payment to be made on a certain date.

In ruling on a motion for summary judgment "[t]he court may consider any material that would be admissible or usable at trial." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2721 (1998).  Plaintiff has failed to point the Court in the direction of any contract term requiring payment to be made on a certain date or any affidavit establishing that payments were made on a date other than that required by the policy.  Without more, the Court cannot rely simply on the argument of counsel.  Pollock v. Birmingham Trust Nat. Bank, 650 F.2d 807, 811 (5th Cir. Jul. 17, 1981) ("[T]here is simply no evidence in the record before us that in any way establishes the relationship of the dealership and the Bank here.  All we have is the argument of counsel . . ., and we are sure that learned counsel understand that summary judgment must rest on something more.").[6]  Therefore, Plaintiff has failed to come forward "by affidavits or otherwise provided in this rule [to] set out specific facts showing a genuine issue for trial" on

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

whether the payments were untimely.  Fed. R. Civ. P. 56(e)(2). Defendant is entitled to judgment as a matter of law on this issue.

The Court finds that Plaintiff has failed to raise genuine issues of material fact for trial for all of Count I, with the exception that genuine issues of material fact remain regarding the Automatic Increase for November of 2005 and the December 2007 payment.  Except for these two questions, the Court finds that Defendant is entitled to judgment as a matter of law on Plaintiff's breach of contract claim.

### C. Intentional Infliction of Emotional Distress

In Count II, Plaintiff seeks damages for Defendant's tortious intentional infliction of emotional distress.  By operation of Florida's economic loss rule, it must fail.  The economic loss rule is invoked "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract." Indemnity Ins. Co. of N. Am. v. Am. Aviation, Inc., 891 So. 2d 532, 536 (Fla. 2004).  "Underlying this rule is the assumption that the parties to a contract have allocated the economic risks of nonperformance through the bargaining process. . . . . Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract." Id. at 539 (citing Electronic Sec. Sys. Corp. v. Southern Bell Tel. & Tel. Co., 482 So. 2d 518, 519 (Fla. Dist. Ct. App. 1986).

The allegations supporting a claim for intentional infliction of emotional distress in Count II are the exact same as those supporting the breach of contract claim in Count I.  In fact, there is no independent factual allegation appearing in Count II, other than damages sustained and vague assertions such as "outrageous conduct" without more.  DE 1, Ex. A, ¶¶ 21-25.  The only factual support for the claim of intentional infliction of emotional distress appears in paragraph 21 of the Complaint, which states only that "PLAINTIFF re-alleges, re-avers, and incorporates herein the allegations contained in paragraphs 1-20."  Id. ¶ 21.  Thus, the Court finds that under Florida's economic loss rule Count II is barred because it does not allege that Defendant committed a breach of a duty toward Plaintiff independent of the breach of contract alleged in Count I.  Am. Aviation, 891 So. 2d at 539.  Thus, Defendant is entitled to judgment as a matter of law as to Count II.

### IV. Voluntary Dismissal

In Defendant's Amended Answer (DE 22), it asserted a counterclaim.  Therein, it seeks to recover benefits it paid to Plaintiff.  Thereafter, Defendant filed its instant Notice Of Voluntary Dismissal (DE 78), seeking to dismiss its counterclaim without prejudice.  Defendant noted that Federal Rule of Civil Procedure 41 controls voluntary dismissals of claims, including counterclaims.

Rule 41(c) provides the procedure for voluntarily dismissing a counterclaim. That Rule states that a counterclaim may be dismissed without consent of the opposing party if there has been no responsive pleading. If a responsive pleading has been filed, voluntary dismissal of a counterclaim requires the stipulation of all parties who have appeared. <u>See</u> Fed. R. Civ. P. 41(c); 41(a)(1)(A).

Plaintiff filed a responsive pleading to Defendant's counterclaim. <u>See</u> DE 24. In response to the instant Notice (DE 78) by Defendant, Plaintiff filed a Notice (DE 88) that he does not stipulate to the dismissal of Defendant's counterclaim without prejudice. Thus, without agreement between the Parties, Defendant cannot voluntarily dismiss its counterclaim.[7]

Plaintiff .

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Metropolitan Life Insurance Company's Motion For Summary Judgment (DE 46) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

a. To the extent Defendant's Motion (DE 46) seeks summary judgment as to Count I on the issues of the Automatic Increase for November of 2005 and the December 2007 payment, it be and the same

---

[7] The counterclaim is not addressed in the instant Motion For Summary Judgment (DE 46).

is hereby **DENIED**;

    b. In all other respects, Defendant's Motion (DE 46) be and the same is hereby **GRANTED** as to Count I;

    c. To the extent Defendant's Motion (DE 46) seeks summary judgment as to Count II, it be and the same is hereby **GRANTED**;

    2. Plaintiff Alan Hirschenson's Motion To Strike (DE 75) be and the same is hereby **DENIED**; and

    3. The Court **DECLINES** to approve, adopt and ratify Defendant Metropolitan Life Insurance Company's Notice Of Voluntary Dismissal (DE 78).

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   5th   day of November, 2008.

                                         WILLIAM J. ZLOCH
                                         United States District Judge

Copies furnished:

All Counsel of Record